**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2992-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PEDRO M. DECASTRO,
a/k/a PEDRO M. PEREIRA
DE CASTRO, and PEDRO
DESASTRA,

     Defendant-Appellant.

_____

Submitted September 23, 2020 – Decided November 17, 2020

Before Judges Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-12-1105.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Pedro DeCastro appeals from the February 21, 2019, denial of his post-conviction relief (PCR) petition without an evidentiary hearing and his concurrent motion to withdraw his guilty plea. In his petition, defendant asserts that his plea counsel failed to properly advise him of the immigration consequences of his plea. We reverse and remand for an evidentiary hearing because based on our review of the record there are disputed material facts.

Defendant was brought to the United States from Portugal at a young age by his mother. He is a permanent resident and is currently in the custody of Immigration and Customs Enforcement (ICE) awaiting deportation.

Our review of the record demonstrates the following timeline. In 2004, defendant was represented by Kevin C. Orr on Essex County Indictment No. 03-12-3775. In connection with that indictment, Orr sent a March 2004 letter to Assistant Essex County Prosecutor Elizabeth Duelly which states:

> I write in furtherance of our last discussion in connection with the above pending PTI application.
>
> Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act . . . 8 U.S.C.A. § 1227(a)(2)(B)(i), Mr. DeCastro is subject to removal from the United States as a "deportable alien" if he is convicted of any type of drug offense other than a

A-2992-18T4

single offense involving possession for one's own use of [thirty] grams or less of marijuana.  Federal Law, 8 U.S.C.A. § 1229(d)(1) requires that the "Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction."

Mr. DeCastro has been raised by his mother (i.e., a single parent) in the United States from a very young age.  He has no contacts or ties to his native country, Portugal.  A conviction would result in his exile to a foreign land.

We ask that in evaluating his application, the aforementioned is considered.

Defendant was copied on the letter, but asserted at his PCR hearing he never received it.

Two years later, in December 2006, under Indictment No. 06-12-1105, a Union County grand jury charged defendant with two counts of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1), and two counts of third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 35-5(b).  Defendant was again represented by Orr. In January 2007, defendant pleaded guilty to third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 35-5(b), in exchange for a recommended four-year sentence.  Question seventeen of the plea form asked: "Do you understand that if you are not a United States citizen or national you

may be deported by virtue of your plea of guilty?" Of the three possible answers—"YES," "NO," and "N/A"—"N/A" was circled. At the plea hearing, defendant said "yes" when the court asked whether he was a United States citizen. In March 2007, the Union County court imposed the agreed-upon sentence.

Around the same time, defendant also was facing additional drug charges in Essex County under Indictments 06-12-3935 and 06-08-2615. In March 2007, defendant entered guilty pleas under those indictments while being represented by Orr. Question seventeen of the plea form again shows "N/A" was circled.

Five years later, defendant was charged under Union County Indictment 11-08-0836, and again he was represented by Orr. He pleaded guilty to first-degree possession with intent to distribute, N.J.S.A. 2C:35-5(b)(1), in January 2013, with a recommended sentence of twelve years. On that plea form, the answer to Question seventeen, which asks whether the defendant is a citizen of the United States, is circled "yes."[1]

On July 25, 2018, defendant filed a PCR petition and motion to withdraw his plea under Union County Indictment 06-12-1105, asserting that Orr

---

[1] We note, the Administrative Office of the Courts' revised plea form that was in use in 2011 no longer had N/A as an option to answer the citizenship question.

misadvised him of the immigration consequences of his plea. Defendant certified that Orr told him "that a permanent resident was treated the same as a citizen," meaning he would not face "deportation consequences" by pleading guilty and that Orr did not advise him that his offense "constituted an aggravated felony, mandating deportation." Defendant certified the misadvice caused him to identify as a United States citizen at the plea hearing and that Orr circled "N/A" in response to the citizenship question on the plea form. Defendant also asserted that Orr's misadvice caused the defendant to circle "N/A" in response to the citizenship question on the 2007 Essex County plea form and to identify as a citizen on the January 2013 Union County plea form. In the July 2018 PCR petition, defendant also sought relief from the time bar, asserting he did not know that Orr had misadvised him until November 2016. At that point, defendant was in prison serving his sentence on the 2013 Union County matter and ICE agents told him he would be deported. Defendant states this is when he realized that a permanent resident was not the equivalent of a citizen of the United States.

Defendant also certified that, after discussing his pending deportation with Orr, counsel only filed a PCR petition regarding the 2013 Union County matter and did not advise him to challenge his earlier conviction for Union County

5

Indictment 06-12-1105. Thus, while the 2013 conviction was challenged and vacated, a PCR petition was not filed in this case until defendant retained new counsel in 2018.

Defendant also moved to withdraw his plea under Rule 3:21-1, asserting that because he was unaware of the immigration consequences and because Orr never advised him that he could file a motion to suppress evidence regarding a warrantless search, his plea was not knowing and voluntary. The petition and motion were argued in January 2019, and the PCR judge denied the petition and motion in February 2019, without holding an evidentiary hearing.

The court denied the petition without an evidentiary hearing because pursuant to defendant's certification, his answer of "N/A" to the plea immigration question, and incorrect identification as a citizen at the plea hearing "do not indicate that plea counsel provided . . . affirmative misinformation or misleading advice." Rather, the court found that the responses only showed that defendant "provided the court with inaccurate information[,]" and that it was "extremely unlikely" that Orr was to blame since he wrote the 2004 letter to the Essex County Prosecutor's Office stating that defendant could be deported.

The court also found that the petition was untimely under Rule 3:22-12(a) because the 2004 letter demonstrated defendant knew he could be deported

6

before his contact with ICE, and even if defendant learned about the risk of deportation in 2016, his petition was not filed within a year of obtaining that information.

The court also denied defendant's motion to withdraw his plea under Rule 3:21-1, concluding defendant had not asserted a colorable claim of innocence, he did not show that he was misadvised, there was a plea bargain, and the State would be prejudiced by his withdrawal. This appeal followed.

On appeal, defendant argues:

> POINT I.
> THE COURT ERRED IN DENYING THE PCR PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT PRESENTED A PRIMA FACIE CASE THAT HE WAS PREJUDICED BY PLEA COUNSEL'S MISADVICE ABOUT HIS RISK OF DEPORTATION.
>
> A. Defendant Established a Prima Facie Claim that Plea Counsel Provided Inaccurate Immigration [Advice] Amounting to Ineffective Assistance of Counsel.
>
> B. The PCR Petition Was Not Time-Barred Because the Delay in Filing Was Due to Excusable Neglect.
>
> POINT II.
> THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

7

A. The Plea Was Not Knowingly Entered Due to the Misadvice of Counsel and a Hearing Was Needed to Resolve that Issue.

B. The Slater[2] Factors Favored Withdrawal and the Court Erred in Denying the Motion Without an Evidentiary Hearing.

POINT III.
THE MATTER SHOULD BE REMANDED TO A DIFFERENT COURT GIVEN THE COURT'S PREMATURE CREDIBILITY FINDINGS.

We first address timeliness. When a petitioner claims excusable neglect for a filing beyond the time prescribed by the rules, the petition itself must allege the facts relied upon to support that claim. State v. Mitchell, 126 N.J. 565, 576 (1992). Defendant asserts in his petition that in November 2016, while serving a sentence at Northern State Prison, he was informed by ICE agents that an immigration detainer had been lodged against him and that he would be deported. He asserted that prior to this time he did not know his convictions required mandatory deportation and also that he became aware for the first time that a permanent resident was not the equivalent of a naturalized citizen. Defendant asserts he discussed the situation with Orr, who advised him to file a petition for PCR on indictment 11-08-0836. That petition was granted, and on

---

[2] State v. Slater, 198 N.J. 145 (2009).

8

December 18, 2017, defendant pleaded guilty to a different offense and was resentenced.

Defendant asserts he did not receive Orr's 2004 letter that stated he was deportable. He asserts excusable neglect in that he did not become aware of his deportable status until 2016. Accepting defendant's claim as true, it still means he was aware of the deportation consequences by November 2016 and nevertheless did not file this petition until 2018. He further asserts excusable neglect because Orr filed a successful petition in January 2017 on the later Union County indictment. The defendant asserts Orr did not advise him to file a similar petition for the earlier matter herein. In particular, he states "[b]ecause Mr. Orr represented me on the PCR for Indictment 11-08-0836, I did not believe I could challenge the effectiveness of his representation in my other matters. Once the PCR was granted and the case resolved, I sought out different counsel to represent me on those other matters."

Under Rule 3:22-12(a), a petition for reasons other than to correct an illegal sentence must be filed within five years of entry of the judgment of conviction, unless there is a showing of excusable neglect or injustice. We recognize the rule's time constraint may only be relaxed for exceptional circumstances. State v. Afanador, 151 N.J. 41, 52 (1997). "As time passes,

justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." Ibid. Accordingly, "[a]bsent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Ibid.

Nonetheless, "a court may relax the time bar if adherence to it would result in an injustice." State v. McQuaid, 147 N.J. 464, 485 (1997). We think the overall circumstances here require relaxation of the time bar.

In State v. Gaitan, 209 N.J. 339 (2012), the Supreme Court held that attorneys "have specific duties as to how they must advise pleading noncitizen criminal defendants, depending on the certainty of immigration consequences flowing from the plea." Id. at 380. Because an attorney is required to advise a client "when removal is mandatory," the effect on the Strickland v. Washington[3] standard "represents a qualitatively new rule of expected attorney performance[.]" Gaitan, 209 N.J. at 380. The Court ruled that from that point forward,

> counsel's failure to point out to a noncitizen client that he or she is pleading to a mandatorily removable offense will be viewed as deficient performance of counsel; affirmative advice must be conveyed as part of the counseling provided when a client enters a guilty plea to a state offense that equates to an aggravated

---

[3] 466 U.S. 668 (1984).

felony [under federal law], triggering eligibility for mandated removal.

[Ibid.]

The Court stressed that transcripts of plea colloquies must reflect a defendant's clear understanding of the consequence of his guilty plea. Id. at 381. "[I]f counsel provided false information, or inaccurate and affirmatively misleading advice about removal consequences of a guilty plea, then deficiency may exist for purposes of establishing . . . a prima facie ineffective assistance of counsel claim entitling defendant to an evidentiary hearing in a PCR proceeding." Ibid.

A defendant is only entitled to an evidentiary hearing where he establishes a prima facie case in support of PCR. See R. 3:22-10(b). Viewing the facts in the light most favorable to defendant on this record, as we must, if he was incorrectly advised regarding the legal effect of his plea on his immigration status, that may warrant PCR. State v. Nuñez-Valdéz, 200 N.J. 129 (2009); State v. Marshall, 148 N.J. 89, 158 (1997); State v. Preciose, 129 N.J. 451, 462-63 (1992). An evidentiary hearing is therefore necessary to develop facts important to the ultimate decision. State v. Porter, 216 N.J. 343, 355 (2013). Thus, we vacate the order and remand for that purpose.

A-2992-18T4

Defendant also asserts error in the court's denial of his motion to withdraw his guilty plea because he pleaded guilty without full knowledge of the immigration consequences he faced, and also because Orr did not file a motion to suppress. Because we are remanding for an evidentiary hearing, we need not address these issues at this time.

Reversed and remanded for an evidentiary hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2992-18T4